UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS LOCAL UNION
No. 25, *et al.*,

        Plaintiff,

vs.

STEEL ENTERPRISES, INC.,

        Defendant.
_____/

Case No. 08-11414

Marianne O. Battani
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SANCTIONS (Dkt. 11, 17)**

    A.    Procedural History

On April 2, 2008, plaintiff filed a complaint against defendants seeking to enforce a grievance decision. (Dkt. 1). On May 27, 2008, District Judge Marianne O. Battani issued a scheduling order with a discovery cut-off date of July 30, 2008. (Dkt. 8). The parties filed a stipulation extending the scheduling order deadlines, which was entered by Judge Battani on July 31, 2008. (Dkt. 10). On August 25, 2008, plaintiff filed a motion to compel production of documents. (Dkt. 11). This motion was referred to the undersigned for hearing and decision by Judge Battani. (Dkt. 12).

1

On September 10, 2008, the undersigned issued an order setting a hearing for September 22, 2008 and also requiring the parties to submit a joint statement of resolved and unresolved issued by September 18, 2008. (Dkt. 14). Plaintiff filed a statement of resolved and unresolved issued on September 19, 2008. (Dkt. 15). Defendant's counsel neither answered the motion to compel nor participated in the joint statement. The Court held a hearing on September 22, 2008 and subsequently granted plaintiff's motion to compel. (Dkt. 16). The Court also held plaintiff's request for costs and fees in abeyance and invited plaintiff to file a statement of costs and fees incurred in filing its motion to compel. *Id*. Plaintiff did so on September 30, 2008 and defendant filed an objection on October 20, 2008. (Dkt. 17, 19).

      B.     <u>Standard for Imposing Sanctions</u>

Rule 37(d) authorizes the Court to impose sanctions on a party or a party's attorney who fail to answer discovery requests. Rule 37(d)(1) provides in pertinent part:

> (A) Motion; Grounds for Sanctions. The court where the
> action is pending may, on motion, order sanctions if:
>                         * * *
>     (ii) a party, after being properly served with
> interrogatories under Rule 33 or a request for
> inspection under Rule 34, fails to serve its answers,
> objections, or written response.

Rule 37(d) does not impose a bad faith requirement, but instead authorizes sanctions, including reasonable expenses and attorney's fees, when a party's "evasive or incomplete answers to proper interrogatories impede discovery." *Jackson by Jackson v. Nissan Motor Corp. in USA*, 1989 WL 128639, *5 (6th Cir. 1989). While some of the available sanctions set forth in Rule 37(d) are discretionary, "the court ***must*** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3) (emphasis added). Similarly, if a motion to compel is granted, Rule 37(a)(5) further mandates the imposition of reasonable costs and attorney fees on a party or party's attorney incurred in making the motion unless, "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5).

  C. <u>Sanctions Award to Plaintiff</u>

 As set forth in detail in the Court's September 25, 2008 Order, defendant failed to answer discovery, defendant's counsel failed to respond to plaintiff's

3

motion to compel, and defendant's counsel failed to respond to the Court's order regarding the joint statement of resolved and unresolved issues, without legitimate excuse. (Dkt. 16). There is no evidence that the dilatory course taken in this case is directly attributable to defendant and it appears that defendant's counsel is responsible. The Court concludes, therefore, that defendant's counsel plainly violated Rule 37 and that plaintiff's request for costs and fees should be granted under the mandatory language of Rule 37(a)(5)(A) and (d)(3).

Plaintiff's statement of costs includes 30 hours of time at $160 per hour, for a total of $4800 in fees. (Dkt. 17). On closer examination, most of the costs are not directly related to the motion to compel, as pointed out by defendant in its response. Defendant asserts that the request for $4800 is excessive, given the amount of the claim at issue, but does not claim that the imposition of costs and fees is not substantially justified or that some other circumstances make an award of expenses unjust. (Dkt. 19). Defendant suggests that no more than $1,000 for attorney time and costs be permitted. *Id.* Based on a review of the parties' submissions and applicable law, the undersigned concludes that: (1) defendant's counsel has not shown that an award of costs and fees is not substantially justified or is otherwise unjust; and (2) $1,500 in attorney fees is an appropriate award of sanctions to plaintiff.

Based on the foregoing, the Court **GRANTS** plaintiff's motion for sanctions and directs defendant's counsel to pay $1,500 to plaintiff within 14 days of entry of this Order.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date:  November 6, 2008                    s/Michael Hluchaniuk
                                                      Michael Hluchaniuk
                                                      United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

I certify that on November 6, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: David A. Monroe, David R. Radtke, and Patrick J. Rorai, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

                                                            s/James P. Peltier
                                                             Deputy Clerk
                                                             U.S. District Court
                                                             600 Church Street
                                                             Flint, MI 48502
                                                             (810) 341-7850
                                                             pete_peltier@mied.uscourts.gov